IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| THOMAS WRENN, and SHARAH TOLBERT, individually and on behalf of all similarly situated persons,<br><br>　　　Plaintiffs,<br><br>v.<br><br>OUTBACK CARE GROUP LLC and KEN BLACKMON,<br><br>　　　Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Thomas Wrenn and Sharah Tolbert ("Plaintiffs") bring this collective action on behalf of all persons who worked as a Live-in Care Provider, House Manager, and other similarly situated persons, employed by Defendants Outback Care Group LLC ("Outback Care Group") and Ken Blackmon (collectively "Defendants") at any time within the three years preceding the filing of this Collective Action Complaint to present. In violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a regular and routine practice, Defendants willfully failed to pay Plaintiffs and similarly situated persons (1) the minimum wage for all hours worked; and (2) overtime wages for all hours worked in excess of 40 hours per week. Instead, Defendants paid Plaintiffs and similarly situated persons a low flat rate per week that was lower than the minimum wage and did not compensate the employees at one-and-one-half their regular rate for time worked in excess of 40 hours per week. Plaintiffs show the Court as follows:

1

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other current and former Live-in Care Providers, House Managers, and other similarly situated persons, who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action"), that Plaintiffs and the persons who opt into the Collective Action are, *inter alia*, entitled to (i) unpaid minimum wages, for time in which they worked for Defendants but were not paid at least $7.25 per hour as required by the FLSA; (ii) unpaid overtime wages from Defendants for time they worked in excess of 40 hours per week and Defendants failed to pay them at one-and-one-half their regular rate; (iii) liquidated damages; (iv) interest; and (v) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This is an action brought under the FLSA for unpaid minimum wages, unpaid overtime wages, and other relief authorized by the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.4, venue is proper in this Court because the unlawful employment practices described herein were committed within the Columbus Division of the Middle District of Georgia.

## PARTIES

4. Plaintiffs are citizens of the United States of America and residents of the State of Georgia.

5. Defendants employed Plaintiff Thomas Wrenn from approximately November 2019 to April 2020. Plaintiff Wrenn's last position with Defendants was House Manager.

6.      Defendants employed Plaintiff Sharah Tolbert from approximately February 2018 to July 2019.  Plaintiff Tolbert's last position with Defendants was Live-in Care Provider.

7.      Defendant Outback Care Group LLC is a Georgia corporation with its principal place of business in Muscogee County, Georgia, at 6930 Buena Vista Road, Columbus, Georgia 31907.

8.      Defendant Outback Care Group LLC may be served with process through its Registered Agent, Ken Blackmon, at 6930 Buena Vista Road, Columbus, Georgia 31907.

9.      On information and belief, Defendant Ken Blackmon is a Georgia resident.  Mr. Blackmon conducts business in the Middle District of Georgia.

10.     At all relevant times, Outback Care Group has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B) because it "is engaged in the operation of a hospital, [and/or] an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution …"

11.     At all relevant times, Defendant Ken Blackmon asserted control of Outback Care Group's day-to-day operations at the location where Plaintiffs and similarly situated persons worked, had direct responsibility for the supervision of Plaintiffs and similarly situated persons, and made the decision not to pay Plaintiffs and similarly situated persons minimum wages and overtime wages as required by the FLSA, and is therefore an employer within the meaning of the FLSA.

12. At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiffs, have handled or otherwise used materials that have been moved or produced in interstate commerce.

13. At all relevant times, Defendants were "employers" of Plaintiffs and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

14. Defendants are governed by and subject to 29 U.S.C. §§ 206, 207.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring this action on behalf of themselves and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

16. Plaintiffs and those similarly situated are persons who were, or are, employed by Defendants as Live-in Care Providers and/or House Managers – or performing materially similar work as Live-in Care Providers and/or House Managers – at any time within three years prior to the filing of this Complaint (hereinafter the "FLSA Collective").

17. Most of the members of the FLSA Collective would not be likely to file individual suits because they lack knowledge of their claims, adequate financial resources, and/or access to attorneys.

18. Plaintiffs will fairly and adequately protect the interests of the members of the FLSA Collective and have retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

19. Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members of the FLSA Collective.

**STATEMENT OF FACTS**

20. Defendants provide live-in healthcare services for disabled individuals who need continual living assistance ("Residents"). Defendants advertise that Outback Care Group offers residential homes which provide "home health services, such as skilled nursing, physical therapy, occupational therapy and cognitive therapy for those who would benefit from it." Defendants advertise that Outback Care Group has, among other things, "[t]rained staff available 24-hours a day," home-cooked meals, daily housekeeping, and weekly personal laundry.

21. Defendants maintain live-in facilities for Residents in Columbus, Georgia.

22. On information and belief, Defendants currently have three live-in facilities for Residents in Columbus, Georgia.

23. Defendants employ Live-in Care Providers and/or House Managers or similarly situated persons (collectively "Care Providers") to provide care for the Residents.

24. Plaintiffs and other Care Providers were non-exempt employees of Defendants under the FLSA.

25. Plaintiff Wrenn worked for Defendants as a Care Provider from approximately November 2019 to April 2020.

26. Plaintiff Tolbert worked for Defendants as a Care Provider from approximately February 2018 to July 2019.

27. The job duties of Defendants' Care Providers, including Plaintiffs, include: cleaning, doing laundry, preparing food, occasionally transporting Residents to various locations, assisting Residents with personal grooming, assisting Residents with taking medications, and logging care and vitals on required charts.

28. Defendants employed Care Providers to work consecutive 24-hour shifts.

29. During COVID-19, Defendants required Care Providers to remain on site 24 hours a day for seven days a week. During this time period, Plaintiff Wrenn worked 60 days straight with no time off; Defendant Blackmon told Plaintiff Wrenn that he would lose his job if he left the property.

30. Defendants' Care Providers were nominally permitted to sleep on premises during their 24-hour shifts. However, the Care Providers had to be on call to continue to provide ongoing care to the Residents.

31. Plaintiffs and other Care Providers regularly were not able to enjoy an uninterrupted night's sleep within the meaning of 29 C.F.R. § 785.22.

32. On information and belief, Defendants did not record the time worked by Care Providers.

33. Defendants required Plaintiffs and other Care Providers to work substantially more than 40 hours per workweek.

34. Plaintiffs and other Care Providers regularly worked well in excess of forty hours in each workweek.

35. As a systemic practice, Defendants paid Plaintiffs and other Care Providers a flat weekly rate.

36. Defendants compensated Plaintiffs and other Care Providers at a flat weekly rate that did not provide compensation at the minimum wage and did not include overtime pay at the required premium.

37. During the period of time that Plaintiff Wrenn was a Care Provider, Defendants paid him approximately $300 per week.

38. Prior to COVID-19, as a Care Provider, Plaintiff Wrenn worked nearly every day but was scheduled to take two 8-hour shifts off; if another Care Provider called out, however, he had to cover their shift and did not get a commensurate shift off later. Prior to COVID-19, as a Care Provider, Plaintiff Wrenn worked approximately 110.5-118.5 hours per week.

39. During his employment with Defendants in the COVID-19 pandemic, as a Care Provider, Plaintiff Wrenn worked 60 days straight, 24 hours a day, seven days a week. During this period, Plaintiff Wrenn worked approximately 126.5 hours per week.

40. The $300 weekly payment compensated Plaintiff Wrenn at a rate far less than the minimum wage.

41. The $300 weekly payment failed to compensate Plaintiff Wrenn at the required overtime rate of one-and-one-half the regular rate for any of the substantial overtime hours that he worked.

42. During the period of time that Plaintiff Tolbert was a Care Provider, Defendants paid her approximately $300 per week.

43. As a Care Provider, Plaintiff Tolbert worked nearly every day but was scheduled to take two 8-hour shifts off; if another Care Provider called out, however, she had to cover their shift and did not get a commensurate shift off later. As a Care Provider, Plaintiff Tolbert worked approximately 152-160 hours per week.

44. The $300 weekly payment compensated Plaintiff Tolbert at a rate far less than the minimum wage.

45. The $300 weekly payment failed to compensate Plaintiff Tolbert at the required overtime rate of one-and-one-half the regular rate for any of the substantial overtime hours that she worked.

46. Defendants regularly, and as a routine policy and practice, failed to pay Plaintiffs and other Care Providers the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

47. Defendants regularly, and as a routine policy and practice, failed to pay Plaintiffs and other Care Providers at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

48. On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

49. Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees at least minimum wage at the rate of $7.25 per hour for all hours worked in a workweek.

50. Defendants' failure to pay Plaintiffs and other Care Providers minimum wage at the rate required by the FLSA was willful and was not in good faith.

51. Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees overtime wages at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

52. Defendants' failure to pay Plaintiffs and other Care Providers overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was willful and was not in good faith.

53. As a result of the unlawful acts of Defendants, Plaintiffs and other Care Providers have been deprived of minimum wages for all hours worked in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

54. As a result of the unlawful acts of Defendants, Plaintiffs and other Care Providers have been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

55. At all relevant times, Plaintiffs and the other Care Providers were economically dependent on Defendants, who determined the rates to be charged to the Residents and the amounts to pay Plaintiffs and the other Care Providers for their services.

56. At all relevant times, Defendants determined to which houses to assign the Plaintiffs and other Care Providers, what work Plaintiffs and the other Care Providers would perform, and required Plaintiffs and the other Care Providers to complete and submit mandatory paperwork.

57. At all relevant times, Plaintiffs and the other Care Providers did not have the ability to use any managerial skill to impact their profit or loss; specifically, Defendants dictated the rates they would be paid per week and when they would work. Defendants required that Plaintiffs and the other Care Providers work schedules set by Defendants.

58. At all relevant times, Plaintiffs and the other Care Providers did not make any substantial investments in equipment or materials required for their employment with Defendants.

59. At all relevant times, the services provided by Plaintiffs and the other Care Providers were an integral – and indispensable – part of Defendants' business.

60. Defendants' entire business model is dependent upon the services provided by Plaintiffs and the other Care Providers.

## COUNT ONE
### (Individual FLSA Claims Asserted by Wrenn and Tolbert)
### Willful Failure to Pay Minimum Wages and
### Overtime Wages in Violation of the FLSA

61. Plaintiffs reassert and incorporate by reference all preceding paragraphs of the Complaint.

62. At all relevant times, Defendant Outback Care Group LLC has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B) because it "is engaged in the operation of a hospital, [and/or] an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution …"

63. At all relevant times, Defendant Ken Blackmon asserted control of Defendant Outback Care Group LLC's day-to-day operations at the location where Plaintiffs and similarly situated persons worked, had direct responsibility for the supervision of Plaintiffs and similarly situated persons, and made the decision not to pay Plaintiffs and similarly situated persons minimum wages and overtime wages as required by the FLSA, and is therefore an employer within the meaning of the FLSA.

64. At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiffs, have handled or otherwise used materials that have been moved or produced in interstate commerce.

65. At all relevant times, Defendants were "employers" of Plaintiffs and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

66. Defendants are governed by and subject to 29 U.S.C. §§ 206, 207.

67. The minimum wage and overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs.

68. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiffs, at the federal minimum wage for each hour worked.

69. The FLSA requires employers, such as Defendants, to compensate employees, such as Plaintiffs, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per week.

70. On information and belief, at all relevant times, Defendants failed to maintain accurate records of the actual work hours of Plaintiffs in violation of the FLSA's recordkeeping requirements.

71. Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiffs the minimum wage of $7.25 per hour for all hours worked in each workweek.

72. Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiffs overtime wages at one-and-one-half their regular rate for all time they worked in excess of 40 hours per workweek.

73. Defendants violated the FLSA by paying Plaintiffs a flat weekly rate without an overtime premium when Plaintiffs worked well in excess of 40 hours per week.

74. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

76. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants (a) unpaid minimum wages for each workweek within the limitations period, (b) unpaid overtime wages for each workweek within the limitations period; (c) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (d) interest; and (e) reasonable attorneys' fees and costs of litigation.

## COUNT TWO
### (Collective FLSA Claims on behalf of Care Providers)
### Willful Failure to Pay Minimum Wages and Overtime Wages in Violation of the FLSA

77. Plaintiffs reassert and incorporate by reference all preceding paragraphs of the Complaint.

78. Plaintiffs seek to represent the following collective group of non-exempt employees who Defendants failed to pay all minimum wages and overtime wages due:

> All individuals who worked for Defendants as Live-in Care Providers, House Managers or similar positions (defined herein as "Care Providers") and received a weekly payment for all time worked within the three years prior to the filing of this Complaint to the present.

This is the "FLSA Collective."

79. At all relevant times, Defendant Outback Care Group LLC has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within

the meaning of 29 U.S.C. § 203(s)(1)(B) because it "is engaged in the operation of a hospital, [and/or] an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution …"

80. At all relevant times, Defendant Ken Blackmon asserted control of Defendant Outback Care Group LLC's day-to-day operations at the location where Plaintiffs and the FLSA Collective worked, had direct responsibility for the supervision of Plaintiffs and similarly situated persons, and made the decision not to pay Plaintiffs and similarly situated persons minimum wages and overtime wages as required by the FLSA, and is therefore an employer within the meaning of the FLSA.

81. At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiffs and the FLSA Collective, have handled or otherwise used materials that have been moved or produced in interstate commerce.

82. At all relevant times, Defendants were "employers" of Plaintiffs and the FLSA Collective as that term is defined by 29 U.S.C. § 203(d).

83. Defendants are governed by and subject to 29 U.S.C. §§ 206, 207.

84. The minimum wage and overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective.

85. The FLSA requires employers, such as Defendants, to compensate employees such as Plaintiffs and members of the FLSA Collective at the minimum wage of $7.25 per hour for all hours worked in a workweek.

86. The FLSA requires employers, such as Defendants, to compensate employees such as Plaintiffs and members of the FLSA Collective at a rate of one-and-one-half the regular rate of pay for all hours worked in excess of 40 in each workweek.

87. Defendants required Plaintiffs and other Care Providers to work substantially more than 40 hours per workweek.

88. As a systemic practice, Defendants paid Plaintiffs and other Care Providers a flat weekly rate.

89. Defendants regularly, and as a routine policy and practice, failed to pay Plaintiffs and other Care Providers the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

90. Defendants regularly, and as a routine policy and practice, failed to pay Plaintiffs and other Care Providers at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

91. On information and belief, at all relevant times, Defendants failed to maintain accurate records of the actual work hours of Plaintiffs and other Care Providers in violation of the FLSA's recordkeeping requirements.

92. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

93. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the other Care Providers.

94.     Defendants are liable to Plaintiffs and the FLSA Collective for (a) unpaid minimum wages for each workweek within the limitations period, (b) unpaid overtime wages for each workweek within the limitations period; (c) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (d) interest; and (e) reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a)  Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendants during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)  A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

c)  An award of unpaid minimum wages due under the FLSA;

d)  An award of unpaid overtime wages due under the FLSA;

e)  An award of liquidated damages as a result of Defendants' failure to pay minimum wages;

f)  An award of liquidated damages as a result of Defendants' failure to pay overtime wages;

g)  An award of prejudgment and post-judgment interest; and

h) An award of costs and expenses of this action, including reasonable attorneys' and expert fees.

Dated this 22nd day of April 2021.

Respectfully submitted,

/s/ Justin M. Scott
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiffs