IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| THOMAS WRENN, *et al.*,     * | |
| Plaintiffs,     * | |
| vs.     * | CASE NO. 4:21-CV-61 (CDL) |
| OUTBACK CARE GROUP, LLC and KEN * BLACKMON, | |
|     * | |
| Defendants.     * | |

O R D E R

Plaintiffs filed a motion for service by publication on Defendant Ken Blackmon. For the reasons set forth below, the motion (ECF No. 8) is denied.

Under Federal Rule of Civil Procedure 4(e)(1), an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Georgia law permits service by publication "[w]hen the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons." O.C.G.A. § 9-11-4(f)(1)(A). If the Court finds that a claim exists against the defendant to be served and that the defendant is a necessary or proper party,

the Court "may grant an order that the service be made by the publication of summons." *Id.* But "service by publication does not confer personal jurisdiction over a defendant in a tort action" unless specific limited requirements are met. *Henderson v. James*, 829 S.E.2d 429, 433 (Ga. Ct. App. 2019).

Here, Plaintiffs brought an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs assert that they were employed by Defendants Outback Care Group LLC and Ken Blackmon. They further allege that Blackmon controlled Outback's day-to-day operations and made the decisions relevant to Plaintiffs' FLSA claims such that he is an "employer" within the meaning of the FLSA. The Court finds based on these factual allegations that a claim exists against Blackmon and that he is a necessary or proper party in this action.

The next question is whether Plaintiffs presented enough evidence to demonstrate that they are entitled to service by publication under Georgia law. Before ordering service by publication, the Court must find that service by publication satisfies due process; "[w]here the defendant's address is unknown, service by publication is constitutionally permissible upon a showing that reasonable diligence has been exercised in attempting to ascertain the defendant's whereabouts." *McDade v. McDade*, 435 S.E.2d 24, 26 (Ga. 1993).

Based on the affidavits and declaration submitted by Plaintiffs, Plaintiffs took the following actions to serve Blackmon. First, Plaintiffs' process server attempted to serve Blackmon personally at the physical address listed for Blackmon, Outback Care Group's registered agent. A person who was present at the address called Blackmon, and he advised her not to accept any documents but said that he would be in the office the next afternoon. Plaintiffs' process server returned to the address the next day but was told that Blackmon was not there and would not be there until nearly two weeks later. Then, Plaintiffs' process server attempted to serve Blackmon at a residential address in Alabama; the resident said that they purchased the home from Blackmon eight months prior and gave the process server a telephone number for Blackmon. Plaintiffs' process server again tried to serve Blackmon at the physical address for Outback Care Group. A person who was present at the address but did not work for Outback Care Group stated that the business owner of Outback Care Group lives in Destin, Florida and provided a telephone number for Blackmon (which matched the phone number that had previously been given).

It is not clear from the present record if Plaintiffs' counsel or the process server took any additional steps to locate Blackmon. The process server's affidavit does not state how the process server found the Alabama residential address.

3

Although Plaintiffs' counsel believes the address was located using a skip trace, Plaintiffs did not point to evidence from someone with personal knowledge of what steps were taken to locate Blackmon. Without such evidence, the Court cannot find that Plaintiffs exhausted all channels of information that they were actually aware of, or could have been aware of through the exercise of due diligence, in attempting to locate Blackmon. Accordingly, Plaintiffs' motion for service by publication on Blackmon (ECF No. 8) is denied. Plaintiffs shall serve Blackmon by July 30, 2021. If they cannot locate Blackmon despite the exercise of reasonable diligence, Plaintiffs may renew their motion for service by publication.

IT IS SO ORDERED, this 28th day of June, 2021.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA