IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| THOMAS WRENN, and SHARAH TOLBERT, individually and on behalf of all similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>OUTBACK CARE GROUP LLC and KEN BLACKMON,<br><br>Defendants. | Civil Action No. 4:21-cv-00061-CDL<br><br><br><br>JURY TRIAL DEMANDED |

### ORDER APPROVING COLLECTIVE ACTION SETTLEMENT

This case is before the Court for consideration of the Parties' Joint Motion for Order and for Stipulated Judgment Approving the Parties' Collective Settlement Agreement. The Parties seek approval of a Collective Settlement Agreement (the "Settlement Agreement") under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), in which Plaintiffs allege Defendants failed to pay them all overtime and minimum wages required by the FLSA during the three-year period preceding the filing of Plaintiffs' Collective Action Complaint. The Settlement Agreement resolves the claims of both Named Plaintiffs and nine (9) Opt-in Plaintiffs (collectively, "Plaintiffs"). After reviewing the record and the joint submission of the Parties, the Court **APPROVES** the Parties' settlement and enters the following Order.

The Court reviews an FLSA settlement to ensure it is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a

suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions.").

Having reviewed the Settlement Agreement, the Court finds that the settlement is fair and reasonable. The Court finds that the Settlement Agreement was negotiated at arm's length by represented Parties and is not the result of any collusion. The Settlement Agreement provides for a total payment of $134,430.00, of which $94,430.00 will be paid out to Plaintiffs, which amount represents approximately 30% of the unpaid overtime and minimum wages during the relevant time period based on Plaintiffs' calculations, which are vigorously contested by Defendants. The Settlement Agreement further provides for payment of Plaintiffs' attorneys' fees and costs in the amount of $40,000.00.

With respect to the payment to the Plaintiffs, based on the submissions of the Parties, the Court finds that the amount is fair and reasonable. Defendants deny liability, deny Plaintiffs' claims as to their hours worked, deny willfulness as to any FLSA violations under 29 U.S.C. § 255, and contend that they acted in good faith such that liquidated damages should not be assessed. The agreed-upon settlement amount is the product of a good-faith compromise between the Parties on disputed issues of law and fact reached through arm's length negotiations by experienced counsel. Finally, the Court finds that the attorneys' fees and costs provided in the Settlement Agreement are reasonable. The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). A party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). When a

statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *See, e.g., P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2021) (per curiam).

Here, the attorneys' fees and costs are substantially less than the lodestar amount based on Plaintiffs' Counsel's reasonable rates and hours worked, as well as Plaintiffs' Counsel's out-of-pocket costs. Plaintiffs' Counsel, experienced FLSA lawyers, achieved a favorable result for the Plaintiffs via the collective process, in a settlement that will pay the Plaintiffs a substantial portion of the unpaid wages that they calculate they are due. Plaintiffs' Counsel have not received any compensation for their work in the case and took the risk of no payment with an adverse outcome. Accordingly, the Court finds that the factors used in evaluating attorneys' fee awards in the Eleventh Circuit support the amount requested. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1376 (N.D. Ga. 2019).

Therefore, the Parties' Joint Motion for Order and for Stipulated Judgment Approving the Parties' Collective Settlement Agreement is hereby **GRANTED**, the settlement of the Parties is hereby **APPROVED**, and the terms of the Parties' Settlement Agreement are hereby incorporated into this Order.

Consistent with the terms of the Settlement Agreement, Defendants shall tender to Plaintiffs and Plaintiffs' Counsel all payments within the deadlines set forth in that Agreement. The Court finds no reason to delay entry of this final judgment, so the Clerk of the Court is ordered to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and terminate this civil action. The Court retains jurisdiction over the action only to the extent necessary to oversee and enforce the terms of the settlement.

IT IS SO ORDERED this 12th  day of September, 2022.

                                            s/Clay D. Land
                                            CLAY D. LAND
                                            U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA